FILED
JUL 1 1 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| LUCILLE A. HOUG, | ) | Civil No. 08-4112 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| BUILDERS MANAGEMENT & INVESTMENT CO., INC., | ) | |
| Defendant. | ) | |

COMES NOW Lucille Houg, and for her causes of action against Defendant Builders Management & Investment Co., Inc., for failure to pay overtime in violation of the Fair Labor Standards Act, retaliation for asserting her rights under the Fair Labor Standards Act, breach of contract, and intentional infliction of emotional distress, states and alleges as follows:

### JURISDICTION & VENUE ALLEGATIONS

1. Lucille Houg (Houg) is now and was at all times relevant to this action a resident of Minnehaha County, South Dakota.

2. Builders Management & Investment Co., Inc. (Builders Management) is believed to be now and was at all times relevant to this action a South Dakota corporation with its principal place of business in Minnehaha County, South Dakota; in the alternative, Builders Management is a foreign corporation authorized to do business in Minnehaha County, South Dakota.

3. Houg was an employee of Builders Management at the Cleveland Heights

apartment complex located in Minnehaha County.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This action is authorized and instituted pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), including 29 U.S.C. §216(b). This Court also has supplemental jurisdiction over state law claims alleged herein pursuant to 28 U.S.C. §1367(a).

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Dakota, Southern Division.

## STATEMENT OF FACTS

6. In approximately May or June 2002, Houg began working as an employee of Builders Management as an apartment manager at the Cleveland Heights apartment complex in Sioux Falls, South Dakota.

7. At all times material hereto, Houg worked as an "employee" of Builders Management as that term is defined by the FLSA, through May 25, 2008, when she was constructively discharged from her position.

8. The FLSA, (29 U.S.C. §207(a)), requires an employer to pay an employee at a rate not less than one and one-half times the regular rate of the employee's compensation (overtime compensation) for hours worked in excess of 40 hours in any work week.

9. Under the FLSA, (29 U.S.C. §213), certain employees are exempted from the overtime compensation requirements, including employees employed in a bona fide executive, administrative, or professional capacity.

10. Throughout her employment with Builders Management, Houg's actual job duties consisted primarily of routine, non-exempt tasks, including answering the phone and opening the mail, and bookkeeping tasks.

11. Houg's actual job duties throughout the time she worked for Builders Management did not qualify her as "exempt" from the overtime compensation regulations of the FLSA, and pursuant to the FLSA, Defendant is required to pay Houg one and one-half times her regular rate of compensation for hours worked in excess of 40 hours in any work week.

12. Throughout her employment with Builders Management, Houg consistently worked in excess of 40 hours per week but was not paid for the overtime hours.

13. In 2006, the United States Department of Labor (DOL) investigated Builders Management and its noncompliance with the FLSA. DOL determined that Houg was entitled to overtime pay for her work at Builders Management.

14. In response to the DOL's findings, in October, 2006, Builders Management issued Houg a check for her unpaid back wages for overtime. After issuing Houg the check, Al Gross (Gross) of Builders Management, told Houg to wait two weeks, then issue Builders Management a check to repay Builders Management the overtime pay.

15. Even after the DOL determined Houg was entitled to overtime compensation, after October 2006 Builders Management continued to not pay Houg overtime compensation for hours worked in excess of 40 hours.

## FAILURE TO PAY OVERTIME
## IN VIOLATION OF THE FLSA
### (Count One)

16. Houg re-alleges Paragraphs 1 through 15.

17. Builders Management is in violation of the FLSA, including 29 U.S.C. § 207(a), in failing to pay Houg overtime compensation for hours worked in excess of 40 hours per week.

18. For the time period beginning October 25, 2006, until her constructive discharge effective May 25, 2008, Houg is entitled to overtime compensation.

19. Builders Management's failure to pay overtime compensation constitutes a willful violation of the FLSA.

20. Pursuant to the FLSA, including 29 U.S.C. §216(b), Defendant is liable to pay Houg for her unpaid overtime compensation and an additional equal amount as liquidated damages.

21. Pursuant to the FLSA, including 29 U.S.C. §216(b), Houg is entitled to recover reasonable attorneys' fees and costs from Builders Management.

22. Houg is also entitled to Social Security and Medicare contributions from Builders Management that were not paid.

## RETALIATION IN VIOLATION OF THE FLSA
### (Count Two)

23. Houg re-alleges Paragraphs 1-22.

24. After the DOL mandated that Builders Management pay Houg overtime pay, Builders Management, through corporate officer Gross, demanded that Houg repay to

4

Builders Management the overtime pay.

25. When Houg refused to return to Builders Management the back wages for overtime, Builders Management began charging her (and deducting from her paycheck) $650.00 a month for rent at the apartment complex she managed. Houg's contract provided Houg with free housing at the apartment complex where she worked.

26. Builders Management began charging Houg for rent in retaliation of Houg's refusal to surrender her rights to the overtime pay that the DOL had ordered Builders Management to pay.

27. Builders Management further retaliated against Houg through verbal abuse, belittling, a hostile working environment and threats of demotion and unfavorable job duties.

28. Effective May 25, 2008, Houg was constructively discharged.

29. Builders Management's retaliation against Houg is in violation of 29 U.S.C. § 215(a)(3).

30. Pursuant to the FLSA, including 29 U.S.C. §216(b), Houg is entitled to recover damages from Builders Management including back pay, front pay, compensatory damages, reasonable attorney fees' and costs.

31. Houg is entitled to liquidated and/or punitive damages as a result of Builders Management's retaliation against her for enforcing her rights under the FLSA.

## BREACH OF CONTRACT OF HOUSING CLAUSE
## (Count Three)

32. Houg re-alleges Paragraphs 1-31.

33. Houg signed a contract with Builders Management which provided her housing at the apartment complex she worked.

34. Builders Management began deducting $650.00 a month from Houg's paycheck for housing rent in December 2006 in violation of the parties' contract.

35. As a proximate cause of Builders Management's breach of contract in wrongfully deducting rental charges from Houg's paycheck, Houg has suffered damages in the amount of $11,700.

## BREACH OF CONTRACT OF RENT ROYALTIES
## (Count Four)

36. Houg re-alleges Paragraphs 1-35.

37. Houg signed a contract with Builders Management providing her a monthly bonus that relates to the percentage of rent collected by the 20th of that month. Builders Management routinely made the cutoff date for bonus calculations earlier than the contracted date of the 20th of each month, in violation of the contract.

38. As a proximate cause of Builders Management's breach of contract, Houg is entitled to the rent payment bonuses calculated as of the 20th of each month (less amounts paid).

## BREACH OF CONTRACT,
## OR IN THE ALTERNATIVE UNJUST ENRICHMENT
## (Count Five)

39. Houg re-alleges Paragraphs 1-38.

40. One of Houg's duties was to collect the money from the laundry machines at the Cleveland Heights apartment complex.

41. Builders Management, through Gross, claimed that the deposits from the laundry machines were short by $2,900.00 for the months of April, May and June 2006.

42. Builders Management, through Gross, wrongfully deducted amounts from Houg's paycheck beginning in approximately July 2006 and continuing through December 2006 to repay Builders Management for the alleged shortfall. At no time did Houg take or convert any of the laundry facility proceeds.

43. As a proximate cause of Builders Management's breach of contract or in the alternative unjust enrichment, Houg is entitled to reimbursement of the $2,900.00 from Builders Management.

## BREACH OF CONTRACT FOR UNPAID VACATION
## (Count Six)

44. Houg re-alleges Paragraphs 1-43.

45. Houg's contract with Builders Management provided her with one week of paid vacation in 2002 and two weeks thereafter beginning in 2003.

46. Builders Management provided Houg with paid vacation in 2002, but denied Houg paid vacation in the years 2003, 2004, 2005, 2006, 2007 and 2008.

47. As a proximate cause of Builders Management's breach of contract in failing

7

to pay vacation benefits, Houg is entitled to twelve (12) weeks paid vacation benefits.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Count Seven)

48. Houg re-alleges Paragraphs 1-47.

49. Builders Management, through Gross, engaged in extreme and outrageous conduct including demanding repayment of overtime wages paid as a result of the DOL's investigation, verbal abuse of Houg, and belittling her.

50. Builders Management, through Gross, intended to cause or recklessly caused Houg to suffer severe emotional distress.

51. As a proximate cause of Builders Management's wrongful conduct, through Gross, Houg suffered severe emotional distress.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests trial by jury of the issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Houg demands judgment against Builders Management as follows:

1. For her actual and compensatory damages;

2. On Counts One and Two for an additional sum of liquidated damages;

3. On Counts One and Two injunctive relief prohibiting such unlawful conduct and requiring Builders Management to implement training and preventative procedures;

4. Punitive damages;

5. For prejudgment and post-judgment interest;

6. For Plaintiff's costs and disbursements herein, including attorneys' fees;

7. For such other and further relief as the Court deems just and equitable.

Dated this 10th day of July, 2008.

        LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

By: _____
Jon Sogn
Ryland Deinert
141 North Main Avenue, Suite 800
P.O. Box 2700
Sioux Falls, SD 57101-2700
Telephone: 605-332-5999
Telefax: 605-332-4249
jsogn@lynnjackson.com
rdeinert@lynnjackson.com


I consent to be named as the Plaintiff in the above-entitled matter.

Dated this 10 day of July, 2008.

_____
Lucille A. Houg

9